UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATION 6, LLC | CIVIL ACTION |
| VERSUS | NO. 20-1371 |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON | SECTION "R" (5) |

# ORDER

Before the Court is plaintiff's motion to stay[1] pending a decision by the Joint Panel on Multi-District Litigation ("JPML"), on whether to centralize this action with other similar actions against Certain Underwriters at Lloyd's, London for coordinated pretrial proceedings. *See In re COVID-19 Business Interruption Protection Ins. Litig.*, MDL Case Number 2942. On August 12, 2020, the JPML ordered the parties in these actions to show cause why the actions should not be centralized in a single court for coordinated pretrial proceedings. *Id.* For the following reasons, the Court grants the motion to stay.

"Courts frequently grant stays in cases when an MDL decision is pending." *Cajun Offshore Charters, LLC v. BP Prod. N. Am., Inc.*, No. 10-

---

[1]   *See* R. Doc. 12.

Case 2:20-cv-01371-SSV-MBN Document 20 Filed 08/13/20 Page 2 of 3

1341, 2010 WL 2160292, at *2 (E.D. La. May 25, 2010). When determining whether to stay proceedings, courts "must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). Courts in this district generally consider three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Louisiana Stadium & Exposition Dist. v. Fin. Guar. Ins.*, No. 09-235, 2009 WL 926982, at *1 (E.D. La. Apr. 2, 2009) (citing *Weisman v. Southeast Hotel Prop. Ltd. Partnership*, 1992 WL 131080, at *6 (S.D.N.Y. 1992)). Each of these three factors weigh in favor of the stay.

First, the defendant will not be prejudiced by a brief delay of these proceedings. *See Gulf Crown Seafood, Inc. v. BP, PLC, et al.*, No. 10-1344, 2010 WL 11707509, at *2 (E.D. La. June 2, 2010) ("District courts have granted motions to stay after finding that the plaintiff would not be prejudiced by a slight delay." (collecting cases)). "A delay of a few months . . . is, nonetheless, slight when compared to the hardship to [the moving party] and the interests of judicial economy." *Id.* Here, the show-cause briefing deadlines extend through September 2, 2020, suggesting that any delay will

be brief. *In re COVID-19 Business Interruption Protection Ins. Litig.*, MDL Case Number 2942.

Second, courts have found "hardship and inequity" when parties are forced to litigate multiple suits in multiple courts, subjecting them to the potential of inconsistent rulings. *See Falgoust v. Microsoft Corp.*, No. 00-0779, 2000 WL 462919, at *2 (E.D. La. Apr. 19, 2000). This could occur here, given that defendant's motion to dismiss is pending before this Court.[2]

Third, a brief stay of these proceedings will preserve judicial resources "by avoiding duplicative litigation if the cases are in fact consolidated." *Gulf Crown Seafood, Inc.*, 2010 WL 11707509, at *1.

It is ORDERED that all proceedings in this case are STAYED, pending a decision of the JPML.

New Orleans, Louisiana, this __13th__ day of August, 2020.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[2] *See* R. Doc. 11.